RENE FITZPATRICK v. W. J. BLOCKER.

If it appear, that the verdict is not objectionable, as having been rendered for exemplary damages, but that merely compensatory damages have been given; the fact that the court erroneously instructed the jury that they might find exemplary damages, without any sufficient basis therefor having been laid in the petition, is not a ground for disturbing the verdict.

APPEAL from Harrison. Tried below before Dudley S. Jennings, Esq., by the selection of the parties, the presiding judge being disqualified from trying the same.

This suit was brought by the appellee against the appellant. Judgment was rendered in favor of the plaintiff, for the amount of the verdict of the jury, and costs of suit.   The other facts appear from the opinion.

*C. M. Adams,* for the appellant.—That portion of the charge of the judge, in respect to exemplary damages, it is insisted, is erroneous.  The petition avers, that the defendant entered upon the close of the petitioner, cut down, and took and carried away trees  growing on the land, without any averment of the circumstances under which the trespasses were committed.  At common law, in actions of trespass *quare clausum fregit,* evidence, in aggravation of damages, of the evil intent, or malicious acts accompanying the principal transaction, was always admitted, *under* the *allegation,* "and other wrongs to the plaintiff, then and there did, against the peace," &c.   (See Chitty's Pleadings, 396.)   But without the averment, *" alia enormia,"* no facts, in aggravation, could be given in evidence.  In 2 Greenleaf's Evidence, p. 276, it is said, evidence of improper language, or conduct, of the defendant, is also admissible, *under proper allegations,* in an action of trespass on the case, or of trespass *quare clausum fregit,* as constituting part of the injury. And generally, whenever the wrongful act of the defendant was accompanied by aggravating circumstances of indignity and insult, whether in the time, place, or manner, though they may not form a separate ground of action, yet, being properly alleged, they may be given in evidence, to show the whole extent and degree of the injury.  Facts, in aggravation of damages, constitute a part of the cause of action ; under our statute regulating the mode of pleading, the facts constituting the cause of action, must be set forth.  In this petition, nothing in aggravation of damages was averred.  It was, therefore, error to charge the jury, " If you should be of opinion that the defendant *wantonly* or maliciously trespassed on plaintiff's land, you are authorised to give what are called exemplary damages, that is, damages
36

exceeding the real value of the timber, and calculated to deter others from committing similar acts."

*N. H. Wilson*, for the appellee.—The fourth assignment is not well taken; for if the appellant. "wantonly or maliciously" trespassed on the appellee's land, the jury could properly find exemplary damages. (Sedg. on Dam. 38, 454.) If they were not satisfied that he so did the acts complained of, the charge had no effect in their finding; and their verdict is fully supported by the evidence of the actual injury to the land.

ROBERTS, J.—This is an action of trespass, for entering upon the land of the plaintiff, and cutting and carrying off timber, &c. The plaintiff established title in himself, and proved that the defendant committed trespasses. The principal defence relied on, seems to be, that there was a tenant of one holding adversely, in possession. Admitting this defence to be good, as stated, it was not made out in proof. The evidence in the record tends, rather than otherwise, to show that the person in possession, was the tenant of Blocker, at the time the trespasses were committed.

It is contended also, that the court erred in directing the jury, that they might find exemplary damages, if they were satisfied that the trespasses were wantonly or maliciously committed by the defendant, because no malicious or wanton intent was expressly charged in the petition. Without discussing the legal question here embraced, it is a sufficient answer to it, that it does not appear that the damages were exemplary. One witness estimates the damages done to the land, at one thousand dollars. The circumstances in proof, were such, as authorised the jury in concluding, that most, if not all of the injury, was done by the defendant. They assessed the damages at five hundred dollars. The damages, as shown in detail to have been committed by him, did not amount to so much as five hundred dollars; nor was it to be expected, from the nature of the circumstances, that proof could be made of each particular act of

injury; therefore, the judgment of the jury had to be formed, by taking into consideration the gross amount of injury, in connexion with the defendant's participation in producing it, as manifested by the particular facts, which were susceptible of proof. The result arrived at was, as it must generally be in such cases, a probable estimate of the damage arising from the injuries committed by the defendant. There is nothing to show that, in making such estimate, they exceeded, or intended to exceed, compensatory damages.

Judgment affirmed.